[798 NYS2d 456]

In the Matter of CYRENA ANN TELESFORD, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 13, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On December 14, 2000, the respondent appeared in the United States District Court for the Eastern District of New York and pleaded guilty to one count of making false statements to the Department of Housing and Urban Development in violation of 18 USC § 1010. On November 7, 2003, the respondent was sentenced to five years probation and restitution. Judiciary Law § 90 (4) (a) provides that any attorney and counselor-at-law convicted of a felony as defined in paragraph (e) of subdivision (4) "shall upon such conviction[ ] cease to be an attorney and counsellor-at-law, or to be competent to practice law as such." Subdivision (4) (e) defines a felony as including "any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which[,] if committed within this state, would constitute a felony in this state."

New York Penal Law § 175.35 involves "[o]ffering a false instrument for filing in the first degree," a class E felony, and provides:

> "A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation."

The false filing in this case was made to a governmental entity and the respondent's federal conviction under 18 USC § 1010 is equivalent to a New York felony conviction under Penal Law § 175.35. By virtue of the respondent's conviction of a felony, she was automatically disbarred at the time of her conviction pursuant to Judiciary Law § 90 (4), which mandates that an attorney's name be stricken from the roll of attorneys upon his or her conviction of a New York State felony. Accordingly, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and LIFSON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Cyrena Ann Telesford, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Cyrena Ann Telesford, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Cyrena Ann Telesford is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Cyrena Ann Telesford, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).