[904 NYS2d 917]

In the Matter of EDWIN FREDERICK, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, August 3, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

On October 13, 2006, the respondent pleaded guilty in the United States District Court for the Eastern District of New York before United States Magistrate Judge Michael L. Orenstein to making false statements for the purpose of obtaining a loan insured by the United States Department of Housing and Urban Development (hereinafter a HUD-insured loan), in violation of 18 USC § 1010, a federal felony. On May 29, 2009, United States District Judge Denis R. Hurley did not sentence the respondent to imprisonment or probation in recognition of his extensive cooperation with the government. Any fine was waived, and only a $100 assessment was imposed.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of making false statements for the purpose of obtaining a HUD- insured loan, in violation of 18 USC § 1010, is "essentially similar" to the New York felony of offering a false instrument for filing in the first degree, a class E felony under Penal Law § 175.35 (*see Matter of Telesford*, 21 AD3d 99 [2005]).

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to now strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted, to reflect the respondent's disbarment as of May 29, 2009.

PRUDENTI, P.J., RIVERA, SKELOS, FISHER and DICKERSON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Edwin Frederick, is disbarred, effective May 29, 2009, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Edwin Frederick, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Edwin Frederick, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edwin Frederick, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).