[739 NYS2d 113]

In the Matter of MARK L. FISHBEIN (Admitted as MARK LEWIS FISHBEIN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 21, 2002

**APPEARANCES OF COUNSEL**

*Roberta Nan Berkwits* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Mark L. Fishbein,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Mark L. Fishbein was admitted to the practice of law in the State of New York by the First Judicial Department on March 17, 1980, as Mark Lewis Fishbein, and practiced within this Department until 1987.

By order entered May 23, 1991, this Court suspended respondent for a period of three years effective January 31, 1988, for violating Code of Professional Responsibility DR 1-102 (a) (4), (5) and (6), and DR 9-102 (a) (22 NYCRR 1200.3, 1200.46; *see, Matter of Fishbein*, 167 AD2d 85). Thereafter, from February 1989 through December 1999, respondent practiced law in Tucson, Arizona. Respondent was cited in March 1998 for failure to register and pay the biennial registration fee in violation of Judiciary Law § 468-a.

Respondent submits his resignation pursuant to 22 NYCRR 603.11. Respondent acknowledges that on or about May 8, 1999, he was charged with money laundering activities in violation of 18 USC § 1956 (a) (1) (B) (i), (ii) and (h). Respondent admits that on December 1, 1999, he entered a plea of guilty in the United States District Court, Middle District of Florida, to conspiracy to commit money laundering, a felony under the United States Code (18 USC § 1956 [h]), was sentenced to a term of 16 months in prison, followed by a term of three years supervised release, and was fined $100 which was waived. Respondent further admits that he failed to report his conviction to the Disciplinary Committee as required pursuant to Judiciary Law § 90 (4) (c) and Court Rules [22 NYCRR] § 603.12 (f).

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.11 accepting respondent's resignation and striking his name from the roll of attorneys effective November 13, 2001, the date of his affidavit of resignation. Respondent's affidavit complies with the requirements of Court Rules [22 NYCRR] § 603.11. Respondent acknowledges that he offers his resignation freely and voluntarily, without coercion or duress, and that he is fully aware of the implications of submitting his resignation, to wit, that his name will be stricken from the roll of attorneys in New York State. Further, respondent has acknowledged that he is the subject of a reciprocal discipline proceeding by the Committee based upon his guilty plea in federal court and that if disciplinary charges were filed against him predicated upon the facts leading to his conviction he could not successfully defend himself on the merits against such charges. Lastly, respondent

states that since on or about May 1999, he ceased the active practice of law in all of the jurisdictions in which he had been admitted.

Accordingly, the Committee's motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective as of the date of his affidavit of resignation, November 13, 2001.

ANDRIAS, J.P., SAXE, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 13, 2001.