[856 NYS2d 182]

In the Matter of JASON COHEN (Admitted as JASON ALAN CO-HEN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 8, 2008

**APPEARANCES OF COUNSEL**

*Rita E. Adler,* Hauppauge (*Robert A. Green* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On November 14, 2003, the respondent pleaded guilty in the United States District Court for the Eastern District of New York before District Judge Nicholas G. Garaufis to conspiracy to commit securities fraud, in violation of 18 USC § 371 and conspiracy to commit money laundering, in violation of 18 USC § 1956 (h). On June 3, 2005, he was sentenced to time served, followed by supervised release for a term of three years. He was also directed to pay a criminal monetary assessment fee in the sum of $200 and restitution in the sum of $81,023,004.21.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state' (Judiciary Law, § 90, subd 4, par e). For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of conspiracy to commit money laundering, in violation of 18 USC § 1956 (h) (*see Matter of Fishbein,* 291 AD2d 34 [2002]), is "essentially similar" to the New York felony of conspiracy to commit money laundering in the second degree under Penal Law § 105.10 (1) and § 470.15, a class E felony (*see Matter of Allen,* 279 AD2d 42 [2000]).

Pursuant to Judiciary Law § 90 (4) (a), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony and was automatically disbarred on June 3, 2005. Accordingly, the motion of the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, without opposition.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and McCARTHY, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Jason Cohen, admitted as Jason Alan Cohen, is disbarred effective June 3, 2005, and his name is now stricken

from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Jason Cohen, admitted as Jason Alan Cohen, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Jason Cohen, admitted as Jason Alan Cohen, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jason Cohen, admitted as Jason Alan Cohen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).