[871 NYS2d 209]

In the Matter of DAVID A. GROSS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 16, 2008

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On July 13, 2007, the respondent pleaded guilty in the United States District Court for the Eastern District of New York to conspiracy to commit money laundering, in violation of 18 USC § 1956 (h) and (a) (3) (B), a federal class C felony, before United States Magistrate Judge William D. Wall. During his plea allocution, he admitted that between December 2004 and August 2005, he used United States currency, which he believed to be the proceeds of property stolen in interstate commerce, and agreed with others to conduct financial transactions affecting interstate commerce. He admitted further that he took possession of United States currency, knowing it was wrong to do so, and knew that the cash was then deposited into nominee accounts for purposes of concealing the source, nature, and ownership of the funds.

On November 16, 2007, United States District Judge Arthur D. Spatt sentenced the respondent to a term of imprisonment of 33 months, a $100 fine, and forfeiture of specified personal property, including a 1999 Chrysler 300 motor vehicle, one set of 1.7 karat diamond-studded earrings, and $7,000 cash.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of conspiracy to commit money laundering, in violation of 18 USC § 1956 (a) (3) and (h) (*see Matter of Fishbein*, 291 AD2d 34 [2002]), is "essentially similar" to the New York felony of conspiracy to commit money laundering in the

second degree under Penal Law § 105.10 (1) and § 470.15, a class E felony (*Matter of Cohen*, 52 AD3d 51 [2008]; *see Matter of Allen*, 279 AD2d 42 [2000]).

Pursuant to Judiciary Law § 90 (4) (a), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony conviction.

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted, without opposition, to reflect the respondent's disbarment as of November 16, 2007.

MASTRO, J.P., SPOLZINO, FISHER, RITTER and LEVENTHAL, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, David A. Gross, is disbarred, effective November 16, 2007, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, David A. Gross, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, David A. Gross, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, David A. Gross, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).