[880 NYS2d 556]

In the Matter of CHRISTOPHER CARNESI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 23, 2009

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On May 4, 2007, the respondent pleaded guilty in the United States District Court for the Eastern District of New York to conspiracy to commit money laundering, in violation of 18 USC § 1956 (a) (1) (A) (i), (a) (1) (B) (i), and (h), a federal class C felony, before United States Magistrate Judge William D. Wall. During his plea allocution, the respondent admitted in sum and substance that he maintained an escrow account through which advanced fees solicited as part of an advanced fee scheme created by his brother, Kenneth Carnesi, were placed into the respondent's personal escrow account and then transferred out to pay for personal bills of Kenneth Carnesi. The respondent was put on notice in 1998 by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) that his conduct was improper, but he continued and did not cease until several years later.

On February 8, 2008, United States District Judge Arthur D. Spatt sentenced the respondent to a term of imprisonment of six months, with credit for time already served, a special assessment in the sum of $100, and a period of supervised release for two years.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of conspiracy to commit money laundering, in violation of 18 USC § 1956 (a) (3) and (h) (*see Matter of Fishbein*, 291 AD2d 34 [2002]), is "essentially similar" to the New York felony of conspiracy to commit money laundering in the second degree under Penal Law § 105.10 (1) and § 470.15, a class E felony (*see Matter of Cohen*, 52 AD3d 51 [2008]; *Matter of Allen*, 279 AD2d 42 [2000]).

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to now strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted, without opposition, to reflect the respondent's disbarment as of February 8, 2008.

Prudenti, P.J., Mastro, Rivera, Spolzino and Florio, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Christopher Carnesi, is disbarred effective February 8, 2008, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Christopher Carnesi, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Christopher Carnesi, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Christopher Carnesi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).