[4 NYS3d 68]

In the Matter of SCOTT F. SAIDEL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 11, 2015

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On January 30, 2013, the respondent pleaded guilty in the United States District Court for the Southern District of Florida to conspiracy to commit money laundering, to obstruct justice, and to tamper with a witness, in violation of 18 USC § 371. On October 7, 2013, he was sentenced by the Honorable Robin S. Rosenbaum to 36 months' imprisonment, followed by two years of supervised release, and payment of a special assessment of $100.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of conspiracy to commit money laundering is "essentially similar" to the New York felony of conspiracy to commit money laundering in the second degree under Penal Law §§ 105.10 (1) and 470.15, a class E felony (*see Matter of Gross*, 58 AD3d 284 [2008]; *Matter of Cohen*, 52 AD3d 51 [2008]; *Matter of Allen*, 279 AD2d 42 [2000]).

Although personally served with a copy of the motion papers on May 15, 2014, the respondent has neither submitted a response nor requested additional time within which to submit a response.

By virtue of his conviction of a felony under federal law, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's automatic disbarment on January 30, 2013.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Scott F. Saidel, is disbarred, effective January 30, 2013, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Scott F. Saidel, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Scott F. Saidel, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Scott F. Saidel, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).