OPINION OF THE COURT
 

 Per Curiam.
 

 The order of the Appellate Division should be reversed, without costs, and the matter remitted to the Appellate Division for further proceedings in accordance with this opinion. The question certified should be answered in the negative.
 

 Appellant was admitted to the New York Bar in 1949 and served for a number of years as Nassau County District Attorney. He was convicted in 1976 in Federal court
 
 *482
 
 of offenses that included making false statements, a felony under Federal law (US Code, tit 18, § 1001). Because appellant’s Federal felony conviction automatically disbarred him under subdivision 4 of section 90 of the Judiciary Law, as it then existed (see
 
 Matter of Chu,
 
 42 NY2d 490;
 
 Matter of Thies,
 
 45 NY2d 865), the Appellate Division ordered appellant’s name stricken from the roll of attorneys
 
 (Matter of Cahn,
 
 59 AD2d 179, mot for lv to app den 44 NY2d 641, cert den 439 US 1069).
 

 The Legislature amended section 90 in 1979 to limit automatic disbarment to only those felonies in other jurisdictions that would also constitute felonies under New York law (L 1979, ch 674). At the same time, it provided that an attorney who had been automatically disbarred under the prior law could seek vacatur or modification of the disbarment on the ground that the offense in the other jurisdiction would not be a felony in New York (L 1979, ch 674, § 3). Appellant brought a petition pursuant to this provision, which requires that the Appellant Division determine if the offense for which the petitioner was convicted would be a felony under State law and, if not, grant a hearing to consider whether any relief would be appropriate. For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail (see
 
 Matter of Chu,
 
 42 NY2d 490, 492,
 
 swpra),
 
 though it must have essential similarity. Because the Appellate Division failed to expressly determine the threshold question whether appellant’s offense would constitute a felony under New York law, the matter should be remitted for this determination and such other proceedings as are proper.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur in
 
 Per Curiam
 
 opinion; Judge Wachtler taking no part.
 

 Order reversed, without costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein. Question certified answered in the negative.