OPINION OF THE COURT

Per Curiam.

Appellant, an attorney admitted to the New York Bar, was on December 9, 1981 convicted of one count of mail fraud (US Code, tit 18, § 1341) and five counts of unlawfully affecting commerce by extortion (US Code, tit 18, § 1951, subds [a], [b] [the Hobbs Act]). Shortly thereafter, he was automatically disbarred pursuant to subdivision 4 of section 90 of the Judiciary Law. The question presented is whether appellant’s Federal felony conviction was essentially similar to the New York felony of larceny by extor *150 tion (Penal Law, § 155.05, subd 2; § 155.30, subd 6), in which case the automatic disbarment would be appropriate, or whether the conviction lacks a New York analogue, in which case the order of automatic disbarment should be vacated and appellant permitted a hearing in mitigation of his conviction.
The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it “would constitute a felony in this state.” (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity. (Matter of Cahn, 52 NY2d 479, 482.) In Matter of Chu (42 NY2d 490),[1] by way of example, essential similarity was found in the core of the offense under State and Federal statutes, although only the New York felony required specific intent to defraud.
On June 21,1982, the Appellate Division concluded that appellant’s conviction required automatic disbarment. We agree with the court below that appellant’s Hobbs Act violation was essentially similar to the New York felony of larceny by extortion.
Under New York law, a person is guilty of larceny by extortion “when he compels or induces another person to deliver such property * * * by means of instilling in him a fear that, if the property is not so delivered, the actor or another will * * * [u]se or abuse his position as a public servant by performing some act within or related to his *151 official duties, or by failing or refusing to perform an official duty, in such a manner as to affect some person adversely”. (Penal Law, § 155.05, subd 2, par [e], cl [viii].) Under the Hobbs Act, extortion is defined as “the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under the color of official right.” (US Code, tit 18, § 1951) subd [b], par [2].)
Appellant argues that, as the general verdict on which he was convicted could have been based on a finding either that he instilled fear in the victim or that he acted under color of official right (see Lewis v Ocean Nav. & Pier Co., 125 NY 341), it is not “entitled to collateral estoppel” on the element of instilling fear required by New York law for larceny by extortion.
Assuming the validity of this argument, we nevertheless conclude that, for the particular purposes of subdivision 4 of section 90 of the Judiciary Law, a taking “under the color of official right” pursuant to the Hobbs Act is essentially similar to a taking by instilling fear in the victim that one will abuse his position as a public servant under the New York Penal Law.
While there may be no requirement of “instilling fear” in order to establish the Federal crime of extortion by acting under color of public office, our focus is different. “[T]he perspective with which the sentencing of convicted criminals is approached — the imposition of individual punishment — is quite different from that involved in professional disciplinary proceedings — the protection of the public”. (Matter of Chu, 42 NY2d 490, 493, supra.) For purposes of determining only “essential similarity,” we note that the disjunctive elements of “instilling fear” or acting “under color of official right” in the Hobbs Act are not the result of the promulgation by Congress of a law prohibiting an offense totally separate and dissimilar from extortion but rather a reflection of the common-law belief that the element of fear is implicit when extortion is accomplished by one acting under color of law.[2] Tradition *152 ally, extortion was a crime that could only be committed by a public official taking fees under “colour of his office.” (4 Blackstone’s Commentaries, p 141; 2 Bishop, Criminal Law [9th ed], § 393.) It was only when the crime of extortion was extended to encompass acts by private persons that the element of threat or fear was made express.
“The language, ‘under color of official right,’ is consonant with the common law definition of extortion, which could be committed only by a public official taking a fee under color of his office, with no proof of threat, force or duress required. See Perrin v. United States, 444 U.S. 37,100 S.Ct. 311, 62 L.Ed.2d 199, 206-208 (1979); United States v. Nardello, 393 U.S. 286, 289, 89 S.Ct. 534, 536, 21 L.Ed.2d 487 (1969); United States v. Hathaway, 534 F.2d at 393; R. Perkins, Criminal Law 367-71 (2d ed. 1969). The coercive element is supplied by the existence of the public office itself. United States v. Hathaway, 534 F.2d at 393; United States v. Mazzei, 521 F.2d 639, 644-45 (3d Cir.) (en banc), cert, denied, 423 U.S. 1014, 96 S.Ct. 446, 46 L.Ed.2d 385 (1975). ‘Threats, fear and duress became express elements only when the crime was later broadened to include actions by private individuals, who had no official power to wield over their victims.’ United States v. Hathaway, 534 F.2d at 393 (citing United States v. Crowley, 504 F.2d 992 (7th Cir. 1974); United States v. Kenny, 462 F.2d 1205 (3d Cir.), cert, denied, 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972)).” (United States v Williams, 621 F2d 123, 124, cert den 450 US 919.)
Under the Hobbs Act, as under common law, “[t]he ‘coercive’ element on the part of the official, and the ‘duress’ or ‘fear’ element on the part of the ‘victim’ are implied from the public official’s position of authority over the victim.” (United States v Butler, 618 F2d 411, 418, cert den 447 US 927.)
Accordingly, even if appellant was convicted solely of obtaining property “under the color of official right”, for *153 purposes of subdivision 4 of section 90 of the Judiciary Law that offense is essentially similar to section 155.05 (subd 2, par [e]) of the Penal Law. The Appellate Division’s conclusion that appellant’s conviction warranted automatic disbarment therefore was proper.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke (dissenting). I respectfully dissent. The “essential similarity” test, first developed in Matter of Chu (42 NY2d 490) and later expressed in Matter of Cahn (52 NY2d 479), cannot be applied consistently because it has no cognizable standard that may be applied from one case to the next. There should be a hearing.
An attorney convicted of a felony in a foreign jurisdiction will be subject to automatic disbarment when the crime, “if committed within this state, would constitute a felony in this state” (Judiciary Law, § 90, subd 4, par e). In its prior holdings on this issue, this court has stated that automatic disbarment may be imposed on an attorney convicted of a felony in a foreign jurisdiction so long as the foreign statute is essentially similar to a New York felony statute. Nowhere is it stated what constitutes essential similarity.
When there is not complete identity of elements between the crime underlying the foreign conviction and a New York criminal felony, what will constitute the “essential similarity” requiring automatic disbarment? Will three out of four elements suffice? Are certain elements to be weighted more than others? Does a determination that the foreign conviction implicitly considered the presence of conduct that must be expressly proven under a New York statute always justify finding the equivalent of a New York felony? These questions cannot be determinatively answered in the analytical framework of the “essential similarity” test which provides no adequate yardstick. By its nature, if not its. definition, that test is an ad hoc procedure with nebulous standards. The harshness of the penalty of automatic disbarment and the possibility that it will be meted out unfairly or unevenly, require that there be an identity of elements between a foreign crime and a New York crime before automatic disbarment may be ordered. The State analogue need not be an exact or mirror *154 image of a foreign crime, but each factual element must be present and fundamentally the same (cf. People v Olah, 300 NY 96, 98-99).
It is impossible to determine whether respondent was convicted of a foreign felony for which there was a New York counterpart with an identity of elements. This, however, does not serve to insulate respondent in any manner from professional discipline. Rather, it merely permits respondent to request a hearing before discipline may be imposed. I would remit the matter for a hearing.
Judges Jasen, Jones, Simons and Kaye concur in Per Curiam opinion; Chief Judge Cooke dissents and votes to reverse in a separate opinion; Judges Wachtler and Meyer taking no part.
Order affirmed, with costs. Question certified not answered as unnecessary.

. In Chu, the court concluded that a “conviction of an attorney for criminal conduct judged by Congress to be of such seriousness and so offensive to the community as to merit punishment as a felony is sufficient ground to invoke automatic disbarment.” (Matter of Chu, 42 NY2d, at p 493.) Subdivision 4 of section 90 of the Judiciary Law was thereafter amended to provide for automatic disbarment only when the offense committed would constitute a felony under the laws of this State. The moving force behind this amendment was a concern that non-New York felonies might not be “of sufficient gravity to automatically rebut the presumption of integrity underlying an attorney’s license to practice law in this state.” (Matter of Chu, supra, p 495 [Wachtlek, J., concurring]; see, also, Governor’s Memorandum of Approval, McKinney’s Session Laws of NY, 1979, p 1822.) The “essential similarity” test eliminates the concern that a minor offense in another jurisdiction will result in automatic disbarment. (Matter of Cahn, 52 NY2d 479.)

. On the issue of Congress’ intent in enacting the Hobbs Act, the United States Court of Appeals for the Third Circuit has stated: “The definition of extortion in the Hobbs Act is substantially that of its predecessor statute, the Anti-Racketeering Act of 1934, ch 569, §§ 1-6, 48 Stat. 979. Unfortunately, however, the legislative history of *152 neither statute provides any hint of congressional intent in adopting this definition of extortion, other than statements by proponents of the Hobbs Act that the statute did no more than incorporate the conventional definition of extortion contained in New York law. See e.g., 91 Cong. Rec. 11842 (1945) (remarks of Rep. Walter); id', at 11843 (remarks of Rep. Michener).” (United States v Mazzei, 521 F2d 639, 644-645 [era banc], cert den 423 US 1014.)