In the Matter of MITCHELL W. GOLDBLATT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 1988

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Mitchell W. Goldblatt,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by the Second Judicial Department on December 18, 1967.

On June 8, 1987, respondent was convicted, after trial, in the United States District Court for the Eastern District of New York, of multiple counts of embezzlement, in violation of 18 USC § 664; obstruction of justice, in violation of 18 USC § 1503; solicitation and receipt of kickbacks, while serving as counsel to an employee benefit plan, with intent to be influenced, in violation of 18 USC § 1954; and of engaging in a racketeering conspiracy, in violation of 18 USC § 1962 (d). Subsequently, on July 21, 1987, respondent was sentenced to imprisonment for a term of six years on count 1, five years on counts 2 and 3, and, three years on each of counts 4 through 9, and 12 through 15, to run concurrently with each count, and concurrently with count 1. By order, filed December 15, 1987, the United States Court of Appeals for the Second Circuit unanimously affirmed respondent's conviction.

Pursuant to Judiciary Law § 90 (4) (b), a certified copy of the respondent's Federal conviction has been presented to this court.

Based on the Federal conviction, the Departmental Disciplinary Committee (DDC) has moved, by petition, for an order striking respondent's name from the roll of attorneys (Judiciary Law § 90 [4] [b]), upon the ground respondent was disbarred, as a result of his conviction of a felony, as defined by Judiciary Law § 90 (4) (e).

Our examination of the certified copy of the conviction, and, of the Federal indictment underlying it, indicates respondent was found guilty, during the period he admitted he maintained an office to practice law in this Department, of the

Federal felony of embezzling $15,800 from the Allied Security Health and Welfare Fund, which was an employee benefit plan *(see,* count 9 of the Federal indictment).

We find this Federal felony, of which respondent was convicted, is essentially similar to the New York felony described in section 155.05 (1) and (2) (a) and section 155.35 of the Penal Law *(see, Matter of Cahn v Joint Bar Assn. Grievance Comm.,* 52 NY2d 479, 482 [1981]; *Matter of Margiotta,* 60 NY2d 147, 150-151 [1983]).

Therefore, pursuant to subdivision (4) of section 90 of the Judiciary Law, upon his conviction of a felony, the respondent ceased to be an attorney and counselor-at-law in the State of New York.

Accordingly, respondent is disbarred, and the clerk of this court is directed to strike the respondent's name from the roll of attorneys and counselors-at-law forthwith.

KUPFERMAN, J. P., ROSS, CARRO, KASSAL and ELLERIN, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York, effective June 21, 1988.