In the Matter of WILLIAM F. X. KLAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 10, 1989

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Anne L. Powers* of counsel), for petitioner.

*Hammill, O'Brien, Croutier & Dempsey, P. C. (Eugene O'Brien* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on February 20, 1962. On June 10, 1988, the respondent was convicted in the United States District Court

for the Eastern District of New York of violating 18 USC § 1962 (d), conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, a felony, and 21 USC § 846, conspiracy to distribute narcotics, a felony. On the same date, the respondent was sentenced to a term of imprisonment of seven years on each count, the sentences to run concurrently with each other.

A conviction of a felony under Federal law does not trigger automatic disbarment unless the crime would constitute a felony under New York law. For such a determination, the Federal felony need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have "essential similarity" to a New York felony (see, Matter of Margiotta, 60 NY2d 147, 150; Matter of Cahn, 52 NY2d 479, 482).

Count one of the indictment under which the respondent was convicted set forth the purpose of the racketeering enterprise and specifically alleged one act wherein the respondent and others conspired to steal property in violation of New York Penal Law § 160.10, robbery in the second degree, which constitutes a class C felony, and two acts wherein the respondent and others conspired to display what appeared to be a pistol and to forcibly steal property in violation of New York Penal Law § 160.15, robbery in the first degree, which constitutes a class B felony. Conspiracy to commit these crimes constitutes a class E felony (see, Penal Law § 105.10). We find that this Federal felony as set forth in the Federal indictment is "essentially similar" to the New York felonies of conspiracy to commit robbery in the second degree and conspiracy to commit robbery in the first degree.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and SPATT, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent William F. X. Klan is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent William F. X. Klan is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.

Motion by the respondent for a stay of any further action in this matter until a factual determination is made as to the respondent's contention of juror misconduct with respect to his Federal conviction upon remittitur to the United States District Court for the Eastern District of New York by the United States Court of Appeals for the Second Circuit.

Upon the papers filed in support of the motion and no papers filed in opposition thereto, it is

Ordered that the motion is denied.