In the Matter of JULES V. SPECINER (Admitted as JULES VERNE SPECINER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 27, 1992

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Westbury *(Diane M. Saccone* of counsel), for petitioner.

*Peter R. Schlam,* New York, for respondent.

**OPINION OF THE COURT**

Per Curiam.

On January 24, 1992, the respondent pleaded guilty in the United States District Court for the Eastern District of New York, of embezzlement by trustee, in violation of 18 USC § 153, a Federal felony. The count to which the respondent pleaded guilty involved an embezzlement of about $40,000.

We find, in this case, that the Federal felony of which the respondent was convicted is essentially similar to New York Penal Law § 155.05 (1) and § 155.35, a class D felony *(see, Matter of Cahn v Joint Bar Assn. Grievance Comm.,* 52 NY2d 479, 482).

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and RITTER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Jules V. Speciner is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Jules V. Speciner is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.