[701 NYS2d 435]

In the Matter of THOMAS J. VAUGHN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 13, 1999

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

On October 11, 1996, the respondent entered a plea of guilty

to the Federal felonies of conspiracy to defraud a financial institution, in violation of 18 USC § 371, and tax evasion, in violation of 26 USC § 7201. He was sentenced in the United States District Court for the Eastern District of New York by the Honorable Leonard D. Wexler on June 17, 1997, to probation for five years. A condition of probation was electronic house arrest for one year. In addition, the court directed that the respondent pay restitution in the sum of $97,000 at the rate of 15% of his gross monthly earnings during the probationary period, to make full financial disclosure, as directed, to the probation department, to cooperate with the Internal Revenue Service in the assessment and payment of taxes owed, and imposed a special $50 assessment on each count.

The Court of Appeals stated in *Matter of Margiotta* (60 NY2d 147, 150), "[t]he Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity" (*see also, Matter of Cahn v Joint Bar Assn. Grievance Comm.,* 52 NY2d 479, 482).

The respondent's conviction was based upon his knowing submission of a mortgage loan application to ComFed Savings Bank containing false statements with respect to the amount of a down payment, the existence of a savings account, and the purchase price. The misrepresentations were made in order to induce approval of a loan. The submission was made on behalf of the individual who purchased certain real property that the respondent was selling. As a result of the application, the respondent and others obtained approximately $200,000 from ComFed Savings Bank. .

We find that the respondent's conviction of conspiracy to defraud a financial institution is essentially similar to a violation of Penal Law § 155.40, grand larceny in the second degree, which is a class C felony.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, S. MILLER, RITTER and SANTUCCI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Thomas J. Vaughn, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas J. Vaughn, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.