[813 NYS2d 524]

In the Matter of SETH BADER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 18, 2006

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

*Seth Bader*, Concord, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

On July 8, 1997, the respondent was indicted in the State of New Hampshire, inter alia, for first degree murder (NH Rev Stat Ann § 630:1-a) and conspiracy to commit murder (NH Rev Stat Ann § 629:3; ch 630), class A felonies, in connection with the August 24, 1996, death of his former wife, Vicki Bader.

On May 8, 1998, following a jury trial in the Superior Court, Rockingham County, the respondent was found guilty of first degree murder and conspiracy to commit murder. On that same date, he was sentenced to life imprisonment without the possibility of parole on his conviction of first degree murder. On June 24, 1998, he was sentenced to a term of imprisonment of 7$^1$/$_2$ to 15 years on his conviction of conspiracy to commit murder, to run concurrently with the sentence of life imprisonment.

Judiciary Law § 90 (4) (a) provides that: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Subdivision (4) (e) defines the term felony as: "[A]ny criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

"For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, though it must have essential similarity" (*Matter of Cahn v Joint Bar Assn. Grievance Commn. for Second & Eleventh Jud. Dists.*, 52 NY2d 479, 482 [1981] [citations omitted]).

The respondent has been convicted of two felony offenses that are essentially similar to the New York felonies of murder in the second degree (Penal Law § 125.25), a class A-I felony, and conspiracy in the second degree (Penal Law § 105.15), a class B felony.

By virtue of his conviction of a felony, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Judiciary Law § 90 (4) mandates that an attorney's name be stricken from the roll of attorneys upon his or her conviction of a New York State felony. Accordingly, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and GOLDSTEIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Seth Bader, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Seth Bader, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Seth Bader, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Seth Bader, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).