OPINION OF THE COURT
Per Curiam.
*185 Respondent Stephen K. Woods was admitted to the practice of law in the State of New York on October 31, 1983 by the First Department. Respondent was admitted to the bar in Michigan in 1996 where he has been practicing law. He does not maintain a law office in New York.
The Disciplinary Committee seeks an order striking respondent’s name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) on the ground that he was automatically disbarred as a result of his no contest plea in the Cass County, Michigan Circuit Court to one felony count of operating a motor vehicle while intoxicated in violation of Michigan Compiled Laws Annotated § 257.625 (9) (c). Respondent’s crime was a felony in Michigan because he was convicted twice before, both times in 2000, of driving under the influence of alcohol. Although respondent’s attorney was served with this motion, no one has filed an opposition on respondent’s behalf.
Judiciary Law § 90 (4) (b) allows for an order striking respondent’s name from the roll of attorneys upon the ground that respondent was automatically disbarred upon conviction of “any criminal offense committed in any other state . . . and classified as a felony therein which if committed within this state, would constitute a felony in this state” (Judiciary Law § 90 [4] [e]). A felony committed in another state need not be a mirror image of a New York felony, but it must have essential similarity (Matter of Margiotta, 60 NY2d 147, 150 [1983]). In support of this motion the Committee submits a certified copy of the judgment of sentence and contends that the Michigan felony that respondent was convicted of, operating a motor vehicle while intoxicated (Mich Comp Laws Ann § 257.625 [9] [c]), is essentially similar to driving while intoxicated under New York Vehicle and Traffic Law § 1192 (2) and (3).
In Michigan, the elements of operating a motor vehicle while intoxicated are: (1) operating a motor vehicle, (2) on a highway or other place open to the general public, (3) while under the influence of alcoholic liquor or a controlled substance, or a combination of the two, or with a blood alcohol content of .08 grams or more per 100 milliliters of blood (Mich Comp Laws Ann § 257.625 [1]). Similarly in New York, the elements of the offense of driving while intoxicated under section 1192 (2) and (3) of the Vehicle and Traffic Law are: (1) operating a motor vehicle, (2) while under the influence of alcohol with a blood alcohol content of .08 of one per centum or more (by weight of alcohol in the person’s blood) or if the person is in an intoxicated *186 condition. Also similar to Michigan (Mich Comp Laws Ann § 257.625 [9] [c]), in New York, if a person operates a motor vehicle in violation of section 1192 (2) or (3), after having been convicted of a violation of that section on two prior occasions, he is guilty of a felony (Vehicle and Traffic Law § 1193 [1] [c] [ii]).
As respondent’s Michigan felony offense has an analogue felony under New York law, his conviction renders him disbarred (Judiciary Law § 90 [4] [b], [e]; Matter of Hug, 10 AD3d 126 [2004]). Accordingly, the Committee’s motion should be granted and respondent’s name stricken from the roll of attorneys, nunc pro tunc to August 20, 2007 (the date of his conviction).
Tom, J.E, Gonzalez, Sweeny, Catterson and Moskowitz, JJ., concur.
Respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 20, 2007.