[994 NYS2d 612]

In the Matter of VICTOR J. HOROWITZ (Admitted as VICTOR JAY HOROWITZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 28, 2014

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Orlando Reyes* of counsel), for petitioner.
*Howard Benjamin,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Victor J. Horowitz was admitted to the practice of law in the State of New York by the First Judicial Department on June 30, 1981, under the name Victor Jay Horowitz. At all times relevant to this proceeding, he maintained a law office within this Judicial Department. He was also admitted to practice law in New Jersey, and maintained an office there.

On August 29, 2012, respondent pleaded guilty, in the United States District Court for the District of New Jersey, to health care fraud (18 USC § 1347) and tax evasion (26 USC § 7201), and thereafter was sentenced to 17 months imprisonment on each count, along with fines and restitution. This conviction stemmed from respondent's participation in a scheme by which individuals falsely claimed to have been injured in automobile collisions, and fraudulently obtained payments from insurance carriers for unnecessary medical treatments. At his plea allocution, respondent admitted that he represented people and pursued legal claims on their behalf that involved overbilling for unnecessary services by a rehabilitation center as part of the fraudulent scheme, and that he recovered on behalf of those clients over $30,000 that he knew included overbilling or payments for unnecessary treatment services.

Respondent was temporarily suspended from the practice of law in New Jersey by the Supreme Court of New Jersey on November 7, 2012 (212 NJ 429, 54 A3d 809 [2012]), and, based on that order, by the District Court for the Eastern District of New York by order dated March 6, 2013.

By petition dated April 1, 2014, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4), based on his federal conviction for health care fraud. Section 90 (4) (a) authorizes automatic disbarment of any attorney upon conviction of a felony, defined as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed

within this state, would constitute a felony in this state." (Judiciary Law § 90 [4] [e].) The out-of-jurisdiction felony must be "essentially similar," although not necessarily identical to, an offense classified as a felony in New York (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]).

The Committee suggests that respondent's conviction for health care fraud is essentially similar to a conviction under our state's class D felony offense of insurance fraud in the third degree (Penal Law § 176.20). Respondent disputes this contention, suggesting that the health care fraud conviction may only be said to be essentially similar to the New York misdemeanor of insurance fraud in the fifth degree (Penal Law § 176.10).

The two felony statutes are not mirror images of each other, and the New York insurance fraud statute includes a $3,000 threshold not included in the federal provision. However, "[e]ssential similarity may nevertheless be established by looking beyond the elements and wording of the out-of-jurisdiction felony and to respondent's conduct in the commission of the out-of-jurisdiction crime" (*Matter of Philwin*, 108 AD3d 129, 132 [1st Dept 2013]). We may consider admissions made by respondent under oath during a plea allocution in deciding whether the two felonies are essentially similar (*id.*).

The admissions made by respondent during his federal plea allocution establish that his admitted criminal conduct supporting his federal conviction of health care fraud under 18 USC § 1347 renders his conviction essentially similar to the New York State felony of insurance fraud in the third degree. Grounds for automatic disbarment are therefore established, and we need not address the alternative request relating to respondent's serious crime of tax evasion.

Accordingly, the Committee's petition should be granted to the extent that it seeks an order striking respondent's name from the roll of attorneys effective nunc pro tunc to August 29, 2012.

FRIEDMAN, J.P., SWEENY, RENWICK, ANDRIAS and SAXE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 29, 2012.