Matter of Warren (2018 NY Slip Op 01471)





Matter of Warren


2018 NY Slip Op 01471


Decided on March 7, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
JOHN M. LEVENTHAL
L. PRISCILLA HALL, JJ.


2017-08753

[*1]In the Matter of Kenneth Jay Warren, admitted as Kenneth Jay Wapnick, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Kenneth Jay Warren, respondent. (Attorney Registration No. 1301589)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 14, 1966, under the name Kenneth Jay Wapnick.



Catherine A. Sheridan, Hauppauge, NY (Michael J. Kearse of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On October 31, 2014, following a jury trial before the Honorable Kimberly Brown in the Court of Common Pleas, Franklin County, Ohio, the respondent was found guilty of sexual battery, in violation of Ohio Revised Code § 2907.03, a felony in the third degree. On March 5, 2015, the respondent was sentenced to 30 months of community control, directed to stay away from the victim and complete a sex-offender treatment program, and ordered to pay a fine in the sum of $2,500 and other costs.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
Ohio Revised Code § 2907.03 defines "sexual battery" as, among other things, sexual conduct with another when "(2) [t]he offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired," or "(3) [t]he offender knows that the other person submits because the other person is unaware that the act is being committed." "Sexual conduct" is defined under Ohio Revised Code § 2907.01(A) as "vaginal intercourse between a male and female, anal intercourse, fellatio, and cunnilingus between persons [*2]regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
The Ohio offense of sexual battery is essentially similar to Penal Law § 130.65, sexual abuse in the first degree, a class D felony, which provides that "[a] person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact: 1. By forcible compulsion; or 2. When the other person is incapable of consent by reason of being physically helpless." The "physically helpless" element of the offense of sexual abuse in the first degree, which is defined under Penal Law § 130.00(7) to describe "a person [who] is unconscious or for any other reason is physically unable to communicate unwillingness to an act," is essentially similar to the elements of the Ohio offense, either the requirement that "the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired" (Ohio Revised Code 2907.03[A][2]), or that "the other person is unaware that the act is being committed" (Ohio Revised Code § 2907.03[A][3]). The "sexual contact" element of the offense of sexual abuse in the first degree, which is defined under Penal Law § 130.00(3) as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying [the] sexual desire of either party," is essentially similar to the "sexual conduct" element of the Ohio offense.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based on his conviction of a felony. Although personally served with a copy of the motion on August 12, 2017, the respondent has neither submitted a response nor requested additional time in which to do so.
By virtue of his conviction of a felony, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's automatic disbarment on October 31, 2014.
MASTRO, J.P., RIVERA, DILLON, LEVENTHAL and HALL, JJ., concur.
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Kenneth Jay Warren, admitted as Kenneth Jay Wapnick, is disbarred, effective October 31, 2014, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Kenneth Jay Warren, admitted as Kenneth Jay Wapnick, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Kenneth Jay Warren, admitted as Kenneth Jay Wapnick, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kenneth Jay Warren, admitted as Kenneth Jay Wapnick, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court