Matter of Servider (2019 NY Slip Op 05408)





Matter of Servider


2019 NY Slip Op 05408


Decided on July 3, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2018-11794

[*1]In the Matter of John A. Servider, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; John A. Servider, respondent. (Attorney Registration No. 2165322)



Motion by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 13, 1988.



Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On May 25, 2018, the respondent was convicted, upon a jury verdict, in the United States District Court for the Eastern District of New York, before the Honorable Eric A. Vitaliano, of (1) conspiracy to alter records for use in an official proceeding, in violation of 18 USC §§ 1512(k) and 3551 et seq., and (2) alteration of records for use in an official proceeding, in violation of 18 USC §§ 1512(c)(1),(2) and 3551 et seq. As revealed in the indictment, the
respondent was convicted for his role in a scheme to defraud the Port Authority of New York and New Jersey. More specifically, he was charged with destroying invoices and sales receipts issued from a jewelry store so that they could not be used in a grand jury investigation.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it "would constitute a felony in this state." (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based on his conviction of a felony. The Grievance Committee contends that the respondent's conviction of the federal felony of tampering with a witness, victim, or informant, in violation of 18 USC § 1512(c)(1), is essentially similar to the New York felony of tampering with physical evidence, in violation of Penal Law § 215.40(2), a class E felony.
The federal felony of alteration of records for use in an official proceeding under 18 USC § 1512(c)(1) is defined as follows:
"Whoever corruptly—(1) alters, destroys, mutilates or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both."
The New York felony of tampering with physical evidence, a class E felony, is defined under Penal Law § 215.40(2), as follows:
"A person is guilty of tampering with physical evidence when . . . [b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person."
Although served with a copy of the motion on October 1, 2018, the respondent has neither submitted a response nor requested additional time in which to do so; thus, the motion is unopposed.
We conclude that the respondent's conviction of the federal felony of alteration of records for use in an official proceeding under 18 USC § 1512(c)(1) is essentially similar to the New York felony of tampering with physical evidence under Penal Law § 215.40(2) (see Matter of Kluger, 102 AD3d 168; Matter of Coren, 76 AD3d 285). By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys pursuant to Judiciary Law § 90(4)(b) is granted to reflect the respondent's disbarment on May 25, 2018.
SCHEINKMAN, P.J., MASTRO, DILLON, BALKIN and IANNACCI, JJ., concur.
ORDERED that the motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, John A. Servider, is disbarred, effective May 25, 2018, and his name is stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, John A. Servider, shall comply with the rules governing the conduct of disbarred and suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, John A. Servider, is commanded to desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, John A. Servider, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
SCHEINKMAN, P.J., MASTRO, DILLON, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court