Matter of Moscaritolo (2020 NY Slip Op 03111)





Matter of Moscaritolo


2020 NY Slip Op 03111


Decided on June 3, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SYLVIA O. HINDS-RADIX, JJ.


2019-12067

[*1]In the Matter of Michael Edward Moscaritolo, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Michael Edward Moscaritolo, respondent. (Attorney Registration No. 4774709)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 5, 2010.



Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On May 2, 2019, after a jury trial before the Hon. Cornelius J. Moriarty II, a Justice of the Massachusetts Superior Court for Plymouth County, the respondent was found guilty of one count of unarmed burglary and assault, in violation of Mass Gen Laws ch 266 § 14, one count of unarmed robbery, in violation of Mass Gen Laws ch 265 § 19(b), and five counts of larceny of a firearm, in violation of Mass Gen Laws ch 266 § 30(1).
Pursuant to Judiciary Law § 90(4)(a) and (e), a lawyer is automatically disbarred upon his or her conviction of a felony committed in another state which is "essentially similar" to a felony under New York law (Matter of Margiotta , 60 NY2d 147, 149). Conviction of a felony occurs, inter alia, upon the entry of a verdict of guilty (see CPL 1.20[13]).
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his felony convictions. The Grievance Committee contends, inter alia, that the respondent's conviction of unarmed robbery (Mass Gen Laws ch 265 § 19[b]) is essentially similar to the New York felony of robbery in the third degree, a class D felony (Penal Law § 160.05). Mass Gen Laws ch 265 § 19(b) provides:
"Whoever, not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any term of years."
Under Penal Law § 160.05, a person is guilty of robbery in the third degree when he or she forcibly steals property.
Although the respondent was served, by mail, with a copy of the Grievance [*2]Committee's motion on October 24, 2019, he has neither submitted a response nor requested additional time in which to do so.
Under the circumstances of this case, we conclude that the respondent's conviction of unarmed robbery (Mass Gen Laws ch 265 § 19[b]) is essentially similar to the New York felony of robbery in the third degree, a class D felony (Penal Law § 160.05). By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of May 2, 2019.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and HINDS-RADIX, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Michael Edward Moscaritolo, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Michael Edward Moscaritolo, is disbarred, effective May 2, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Michael Edward Moscaritolo, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Michael Edward Moscaritolo, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael Edward Moscaritolo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court