Matter of Benfey (2022 NY Slip Op 00306)





Matter of Benfey


2022 NY Slip Op 00306


Decided on January 19, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2021-02817

[*1]In the Matter of Joshua P. Benfey, admitted as Joshua Phillip Benfey, an attorney and counselor-at-law. (Attorney Registration No. 4805495.)



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 19, 2010, under the name Joshua Phillip Benfey.



Diana Maxfield Kearse, Brooklyn, NY (Thomas J. Murphy of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM.


OPINION & ORDER
On December 18, 2017, the respondent pleaded guilty in the Superior Court of New Jersey, Monmouth County, to one count of aggravated sexual assault of a victim less than 13 years old, a felony, in violation of NJ Stat Ann 2C:14-2(a)(1), and to endangering the welfare of a child in violation of NJ Stat Ann 2C:24-4(b)(3).
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta , 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that the respondent's conviction of the New Jersey felony of aggravated sexual assault of a victim less than 13 years old, in violation of NJ Stat Ann 2C:14-2(a)(1), is essentially similar to the New York felony of rape in the first degree, a class B felony, in violation of New York Penal Law § 130.35(4).
Although duly served with this motion, the respondent has not filed any papers in opposition or in relation thereto.
Under NJ Stat Ann 2C:14-2a(1), "[a]n actor is guilty of aggravated sexual assault if the actor commits an act of sexual penetration with another person" who is less than 13 years old. Comparatively, New York Penal Law § 130.35(4), a class B felony, provides that a person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person who is less than 13 years old and the actor is 18 years old or more.
We conclude that the respondent's conviction of the New Jersey felony of aggravated sexual assault of a victim less than 13 years old, in violation of NJ Stat Ann 2C:14-2(a)(1), is essentially similar to the New York felony of rape in the first degree, a class B felony, in violation of Penal Law § 130.35(4). Although the New York statute requires the perpetrating actor to be at least 18 years of age or more, it is undisputed that the respondent, at the time of his criminal behavior, was over the age of 18.
By virtue of his felony conviction of the New Jersey felony of aggravated sexual assault of a victim less than 13 years old, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of December 18, 2017.
LASALLE, P.J., DILLON, DUFFY, BARROS, and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Joshua P. Benfey, admitted as Joshua Phillip Benfey, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Joshua P. Benfey, admitted as Joshua Phillip Benfey, is disbarred, effective December 18, 2017, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Joshua P. Benfey, admitted as Joshua Phillip Benfey, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Joshua P. Benfey, admitted as Joshua Phillip Benfey, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joshua P. Benfey, admitted as Joshua Phillip Benfey, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court