Matter of Finkelstein (2024 NY Slip Op 04768)

Matter of Finkelstein

2024 NY Slip Op 04768

Decided on October 2, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2023-09558

[*1]In the Matter of Stuart H. Finkelstein, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Stuart H. Finkelstein, respondent. (Attorney Registration No. 2300929)

Motion by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony or, in the alternative, to suspend him from the practice of law based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f). Cross-motion by the respondent to stay the Grievance Committee's motion. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 13, 1989. By opinion and order dated February 13, 2007, the respondent was disbarred upon his resignation (see Matter of Finkelstein, 39 AD3d 120). By decision and order dated March 16, 2016, the respondent was reinstated to the practice of law (see Matter of Finkelstein, 137 AD3d 1028).

Catherine A. Sheridan, Hauppauge, NY (Ann Marie Modica-Schaffer of counsel), for petitioner.
Stuart H. Finkelstein, Syosset, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
On July 29, 2022, in the United States District Court for the Southern District of New York, before the Honorable Paul G. Gardephe, the respondent was convicted, upon his plea of guilty, of mail fraud, in violation of 18 USC § 1341, a federal felony. On August 3, 2023, the respondent was sentenced to a term of imprisonment of four years, followed by three years of post-release supervision, and ordered to pay a fine in the sum of $200,000. By consent preliminary order of forfeiture/money judgment dated August 3, 2023, the respondent consented to the entry of a judgment in the sum of $643,102.60, representing the amount of proceeds traceable to the respondent's offense. By a separate consent order of restitution dated September 11, 2023, the respondent was ordered to pay restitution in the sum of $205,927.89 to the victims of his offense.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4) based upon his conviction of a felony or, in the alternative, to suspend him from the practice of law based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f). In opposition, the respondent cross-moves to stay the Grievance Committee's motion, arguing, inter alia, that: (1) it involves conduct that is the subject of ongoing criminal proceedings as the [*2]respondent is still incarcerated; (2) a stay is necessary to protect the respondent's constitutional rights against self-incrimination and to due process; and (3) the respondent is unable to properly oppose the Grievance Committee's motion due to his current incarceration.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that a conviction of mail fraud, in violation of 18 USC § 1341, is essentially similar to the New York State felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. Under Penal Law § 190.65(1), a person is guilty of a scheme to defraud in the first degree:
"when he or she: (a) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, and so obtains property from one or more of such persons."
During the respondent's plea allocution he admitted that, between 2016 and 2019, he filed fraudulent lawsuits under the Americans with Disabilities Act (hereinafter ADA), in the United States District Court in the Southern District of New York, involving ten or more victims. The individuals on whose purported behalf the fraudulent lawsuits were filed did not in fact suffer any injury, but the respondent nonetheless sought to obtain money from the defendants in the form of legal fees and repairs to comply with the ADA. Judge Gardephe determined that the total amount of money lost was between $1.5 and $3.5 million.
Under the circumstances of this case, we conclude that the criminal conduct underlying the respondent's conviction of mail fraud, in violation of 18 USC § 1341, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65(1)(a), a class E felony (see Matter of Constantine, 218 AD3d 42). By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, that branch of the Grievance Committee's motion which is to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of July 29, 2022, and the motion is otherwise denied as academic. The respondent's cross-motion to stay the Grievance Committee's motion is denied as we find his arguments in opposition to be without merit. Based on the respondent's conviction and sentencing, his criminal proceeding is no longer ongoing for the purposes of the Grievance Committee's motion. Furthermore, the respondent was disbarred by operation of Judiciary Law § 90(4), and is therefore not entitled to a hearing. Finally, the respondent has been afforded an opportunity to oppose the Grievance Committee's motion, as demonstrated by his cross-motion.
Accordingly, that branch of the Grievance Committee's motion which is to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of July 29, 2022, and the motion is otherwise denied as academic.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which is to strike the name of the respondent, Stuart H. Finkelstein, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted, the motion is otherwise denied as academic, and the [*3]respondent's cross-motion to stay the Grievance Committee's motion is denied; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Stuart H. Finkelstein, is disbarred, effective July 29, 2022, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Stuart H. Finkelstein, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Stuart H. Finkelstein, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Stuart H. Finkelstein, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court