[59 NYS3d 488]

In the Matter of FRANK A. RACANO (Admitted as FRANK AN-
THONY RACANO), a Suspended Attorney, Respondent. GRIEV-
ANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIR-
TEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 23, 2017

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Frank A. Racano*, East Elmhurst, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

On March 29, 2017, the respondent pleaded guilty in the Supreme Court, Queens County, to one count of grand larceny in the second degree, in violation of Penal Law § 155.40 (1), a class C felony. In a separate criminal action, on April 3, 2017, the respondent pleaded guilty in the Supreme Court, Kings County, to one count of grand larceny in the second degree, in violation of Penal Law § 155.40 (1), a class C felony.

On April 20, 2017, the respondent was sentenced in the Kings County action, inter alia, to a term of imprisonment of 1 to 3 years, and to pay restitution of $587,160. On April 24, 2017, the respondent was sentenced in the Queens County action, inter alia, to a term of imprisonment of 1 to 3 years, to run concurrently with the sentence imposed upon him in the Kings County action.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony convictions.

By cover letter dated April 27, 2017, addressed to the Clerk of the Court, the respondent submitted an application pursuant to 22 NYCRR 1240.10 to resign as an attorney and counselor-at-law, and indicated that it was being submitted in lieu of a response to the Grievance Committee's motion.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursu-

ant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of March 29, 2017. In view thereof, the respondent's application to resign is denied, and, on the Court's own motion, the disciplinary proceeding authorized by the decision and order on motion of this Court dated December 20, 2016 (2016 NY Slip Op 94823[U]), is discontinued.

ENG, P.J., MASTRO, RIVERA, DILLON and LASALLE, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Frank A. Racano, admitted as Frank Anthony Racano, a suspended attorney, is disbarred, effective March 29, 2017, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Frank A. Racano, admitted as Frank Anthony Racano, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Frank A. Racano, admitted as Frank Anthony Racano, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Frank A. Racano, admitted as Frank Anthony Racano, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f); and it is further,

Ordered that the application of Frank A. Racano, admitted as Frank Anthony Racano, a suspended attorney, to resign as an attorney and counselor-at-law is denied; and it is further,

Ordered that on the Court's own motion, the disciplinary proceeding authorized by decision and order on motion of this Court dated December 20, 2016 (2016 NY Slip Op 94823[U]), is discontinued.