Matter of Parisi (2020 NY Slip Op 01349)





Matter of Parisi


2020 NY Slip Op 01349


Decided on February 26, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
CHERYL E. CHAMBERS
LEONARD B. AUSTIN, JJ.


2019-06382

[*1]In the Matter of Guy Thomas Parisi, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Guy Thomas Parisi, respondent. (Attorney Registration No. 1612621)



MOTION by the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony or, in the alternative, to suspend him from the practice of law based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f). Application pursuant to 22 NYCRR 1240.10 by the respondent to resign as an attorney and counselor-at-law. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 23, 1972.



Gary L. Casella, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.
Guy T. Parisi, named herein as Guy Thomas Parisi, Rye, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
On April 24, 2019, in the United States District Court for the Southern District of New York, the respondent was convicted, upon his plea of guilty, of mail fraud in violation of 18 USC §§ 1341 and 2. The respondent was sentenced on May 29, 2019, to a term of imprisonment of six months, two years of supervised release, with the first six months to include home confinement, and a $100 special assessment.
The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his felony conviction or, in the alternative, to suspend him from the practice of law based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f). Although the respondent was duly served, he has neither opposed the motion nor interposed any response thereto. By affidavit dated June 14, 2019, the respondent submitted an application pursuant to 22 NYCRR 1240.10 to resign as an attorney and counselor-at-law, and attested that he could not successfully defend against the charges of professional misconduct stemming from his plea of guilty.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or [*2]any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (see Matter of Woghin, 64 AD3d 5).
The Grievance Committee contends, inter alia, that the respondent's federal conviction of mail fraud, in violation of 18 USC §§ 1341 and 2, is essentially similar to the New York felony of grand larceny in the second degree, as codified in Penal Law §§ 155.05(1) and 155.40. Pursuant to these sections, a person commits grand larceny in the second degree when, with intent to deprive another of property or to appropriate the same to himself or herself or to a third person, he or she wrongfully takes, obtains, or withholds such property from an owner thereof, and the value of the property exceeds $50,000. During the respondent's plea allocution, he admitted that in his capacity as an estate's administrator, without informing his client, the Surrogate's Court, or the New York State Comptroller, he entered into a contract on behalf of the estate with an asset recovery company he created, in order to retrieve estate assets from the Comptroller for a statutory fee of 15% of the assets recovered. This fee was greater than the percentage the respondent was statutorily entitled to as the estate's administrator, and the respondent stipulated that the monetary loss associated with his scheme was between $550,000 and $1,500,000. The respondent's criminal scheme was discovered before he completed it, and therefore, his conviction is essentially similar to attempted grand larceny in the second degree (see Penal Law § 110 ["A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime"]). Since attempted grand larceny in the second degree is a class D felony under Penal Law § 110.05, the respondent's conduct would have constituted a felony under New York law.
By virtue of his felony conviction, pursuant to Judiciary Law § 90(4)(a) and (e), the respondent was automatically disbarred and ceased to be an attorney (see Matter of Margiotta, 60 NY2d at 150; Matter of Burstein, 111 AD3d 112).
Accordingly, that branch of the Grievance Committee's motion which is to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of April 24, 2019, and the motion is otherwise denied as academic. In view thereof, the respondent's application to resign as an attorney and counselor-at-law is denied as academic (see Matter of Racano, 154 AD3d 80; Matter of Bodian, 146 AD3d 89).
MASTRO, J.P., RIVERA, BALKIN, CHAMBERS and AUSTIN, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which is to strike the name of the respondent, Guy Thomas Parisi, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted, and the motion is otherwise denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Guy Thomas Parisi, is disbarred, effective April 24, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Guy Thomas Parisi, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Guy Thomas Parisi, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Guy Thomas Parisi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the application of the respondent, Guy Thomas Parisi, to resign as an attorney and counselor-at-law is denied as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court