[46 NYS3d 661]

In the Matter of Philip George Kong, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, February 8, 2017

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On February 25, 2016, the respondent was convicted, upon a jury verdict, in Superior Court, King County, State of Washington, of, inter alia, theft in the first degree, in violation of Revised Code of Washington (hereinafter RCW) §§ 9A.56.030 (1) (a) and 9A.56.020 (1). The respondent was charged in the first amended information with intentionally depriving, from June 17, 2014 to June 20, 2014, Desh International Law of United States currency in an amount exceeding $5,000. The jury found that the crime was a major economic offense, and that the respondent demonstrated an egregious lack of remorse. He was sentenced to 90 days of incarceration, of which 30 days were converted to 240 hours of community service. Restitution was to be determined at a future date. He was directed to pay a victim penalty assessment of $500 and a DNA collection fee of $100. In addition, a 10-year order of protection was issued against him in favor of the victims.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when 'it would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

A person is guilty of theft in the first degree under RCW § 9A.56.030 (1) (a) if he or she commits theft of "[p]roperty or services which exceed(s) five thousand dollars in value," a class B felony. The Washington offense of theft in the first degree is "essentially similar" to the New York offense of grand larceny in the third degree, in violation of Penal Law § 155.35, a class D felony, which provides: "A person is guilty of grand larceny in the third degree when he or she steals property and . . . when the value of the property exceeds three thousand dollars."

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of at-

torneys and counselors-at-law based on his conviction of a felony. Although served with a copy of the motion on June 13, 2016, the respondent has neither submitted a response nor requested additional time in which to do so.

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment on February 25, 2016.

ENG, P.J., RIVERA, DILLON, BALKIN and MILLER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Philip George Kong, is disbarred, effective February 25, 2016, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Philip George Kong, shall comply with the rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Philip George Kong, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Philip George Kong, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).