Matter of Ash (2022 NY Slip Op 06478)

Matter of Ash

2022 NY Slip Op 06478

Decided on November 16, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2022-00638

[*1]In the Matter of Sylvia G. Ash, admitted as Sylvia Gwendolyn Ash, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Sylvia G. Ash, respondent. (Attorney Registration No. 2000099)

Motion by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon her conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 22, 1985, under the name Sylvia Gwendolyn Ash.

Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.
Morrison & Foerster LLP, New York, NY (Nathan D. Reilly of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
On December 13, 2021, in the United States District Court for the Southern District of New York, before the Honorable Lewis A. Kaplan, the respondent was convicted, upon a jury verdict, of (1) conspiracy to obstruct justice, in violation of 18 USC § 371 (count 1 of the indictment); (2) obstruction of justice, in violation of 18 USC §§ 1512(c) and 2 (count 3 of the indictment); and (3) making a false statement to federal officers, in violation of 18 USC § 1001 (count 4 of the indictment).
There is no record of the respondent advising this Court or the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts of her convictions within 30 days thereof, as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a), respectively.
The Grievance Committee now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4) based upon her conviction of a felony. By letter dated April 6, 2022, the respondent belatedly reports her convictions and indicates that she consents to her disbarment as sought by the Grievance Committee.
The Federal Indictment and Convictions
According to the indictment underlying the respondent's convictions, the federal government was investigating a former chief executive officer (hereinafter the CEO) of the Municipal Credit Union (hereinafter MCU), regarding his receipt of millions of dollars from MCU. In or around January 2018, the respondent agreed to sign a false and misleading memorandum in [*2]order to impede, obstruct, and influence the federal investigation. On or about March 1, 2018, the respondent falsely stated to a special agent with the United States Attorney's Office for the Southern District of New York (hereinafter the special agent) that after the respondent became the chair of the board of directors of MCU, MCU's then general counsel informed her that the CEO had the option under his employment contract to receive monetary payments to obtain long-term disability insurance, instead of having MCU purchase such insurance for the CEO. On or about July 9, 2018, the respondent further falsely stated to the special agent that she discussed with the then general counsel the CEO's interest in receiving monetary payments in lieu of a long-term disability insurance policy.
From at least in or around January 2018 to in or around July 2018, the respondent concealed and deleted text messages and email messages, and wiped data from an Apple iPhone to seek to destroy and impair the availability of evidence, including evidence that had been requested from her by federal grand jury subpoenas. The respondent also made false and misleading statements to federal law enforcement officers in connection with the federal investigation of the CEO and others.
On or about June 8, 2018, in a telephone interview with the United States Attorney's Office for the Southern District of New York, the respondent falsely stated that she did not have responsive records to a subpoena served on her on or about March 13, 2018.
Based on the above, the respondent was convicted of conspiracy to obstruct justice, obstruction of justice, and making a false statement to federal officers, as specified above.
The Grievance Committee's Motion to Strike
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that this Court has previously held that the federal felony of obstruction of justice, in violation of 18 USC § 1512(c), is essentially similar to the New York felony of tampering with physical evidence under Penal Law § 215.40(2) (see Matter of Servider, 175 AD3d 61). Therefore, the Grievance Committee contends, upon the respondent's federal felony conviction of obstruction of justice, she was automatically disbarred under Judiciary Law § 90(4), the motion to strike is a mere formality of recording the existing fact of disbarment, and the respondent has no right to a hearing.
We conclude that the respondent's conviction of obstruction of justice, in violation of 18 USC §§ 1512(c) and 2, constitutes a felony within the meaning of Judiciary Law § 90(4)(e). As such, upon her conviction of that crime, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's unopposed motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of December 13, 2021.
LASALLE, P.J., DILLON, DUFFY, BARROS, and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Sylvia G. Ash, admitted as Sylvia Gwendolyn Ash, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Sylvia G. Ash,
admitted as Sylvia Gwendolyn Ash, is disbarred, effective December 13, 2021, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and [*3]it is further,
ORDERED that the respondent, Sylvia G. Ash, admitted as Sylvia Gwendolyn Ash, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Sylvia G. Ash,
admitted as Sylvia Gwendolyn Ash, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Sylvia G. Ash, admitted as Sylvia Gwendolyn Ash, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court